## BEARINGER v. O'HARE.

**Distress:** OF CATTLE DAMAGE FEASANT: BY AGENT OR SERVANT. An agent or servant may distrain for, and at the direction of, the master or owner of the premises or crops, trespassing animals doing damage thereon; and as such agent he may justify, in an action of replevin brought against him to recover the cattle while thus held by him.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 17.

REPLEVIN for certain cattle owned by plaintiff, and attempted to be held as trespassing animals by defendant, etc. The answer sets up that defendant was appointed guardian of certain heirs who were owners of a mineral lot; that as such guardian she took possession thereof, and under and by virtue of the authority of such of said minors who have become of age, she has continued the same; that at the time of the trespass hereinafter stated said lot was inclosed by a fence sufficient to turn ordinary cattle, and was being farmed by this defendant on account of said heirs, and in part by persons to whom she had rented a portion on shares for a portion of the crop, when the stock in dispute in this action, being allowed to run.

at large in the adjoining common, broke down said fence, entered on said lot, and damaged said fence and premises and all the crops thereon to the extent of one hundred dollars. And while they were trespassing on the same and committing said damages, under and by virtue of the authority aforesaid, and *by the direction, and at the desire of the parties farming said premises as shown as aforesaid,* this defendant distrained said cattle, and was thus in possession of them when they were replevied in this action.

On the trial it was shown that defendant had rented all of said lot except one and one-half acres to Downey and others, on shares for a part of the crop, to be delivered when gathered, and that the tenants were in possession of the parts thus rented; and she then offered to prove that at the time she made the distraint, "the cattle in controversy were trespassing on the portion of the premises so rented and occupied as aforesaid by Downey and others. That she was authorized by them to distrain said cattle, and that in distraining them as stated in her answer, she was acting for said parties as well as in her own right, * * * and the amount of damages to the premises so farmed by the tenants during the trespass for which they were distrained."

To this testimony plaintiff objected, the objection was sustained, defendant excepted, and from a judgment in plaintiff's favor she appeals.

*Griffith & Knight* for the appellant.

*S. P. Adams* for the appellee.

WRIGHT, J. — An opinion, after a brief and manifestly hurried argument, was filed in this case at the last Decem-

DISTRESS: of cattle damage feasant: by agent or servant.

ber Term, affirming the judgment of the court below. The parties having been reheard upon appellant's application, we have been led to

re-examine the record, and brought to the conclusion that the court erred in excluding the offered testimony.

For the trespass referred to in the statement, the party injured might recover damages in an action against the owner of the beasts, or distrain the beasts. Rev. § 1548. It is conceded that no one other than *the party injured could recover the damages* done by such trespassing animals; that is to say, the servant could not recover in his own name the master's damages, the tenant the landlord's, nor the landlord the tenant's.

In this case the party (defendant) is not seeking to recover damages, but seeking to justify the distraint. Plaintiff brings replevin, and, if defendant properly held the property, then the action must necessarily fail. The justification, however, would not be in the name of the agent, but in the name of and for the principal. And just here, was the error of the former opinion. Following too closely the rule of the common law, that the language of the pleading should be taken most strongly against the party pleading, we held that defendant undertook to justify the distraint in her own name. Whereas, adopting, as we should, the rule, that the allegations of a pleading are to be liberally construed, with a view to substantive justice (Revision, § 2951), the proper view of the answer is, that defendant justified as the servant of the tenants or the parties farming the premises. The claim is not that as lessor she had a right to distrain for an injury to the lessee's crops; but like any other third person, just as though she had no connection with the lands, she claims as the servant of the tenants, or those whose crops are injured, for them, at their instance, and by their directions, to hold the cattle so distrained. The plaintiff, instead of bringing his action, as he might, against the principal, seeks a recovery against the bailee. If the distraint was justifiable, then the servant or agent thus hold-

ing for the principal, or master, would be as much protected as the party at whose instance or by whose order she was acting. This proposition is not disputed, nor does it need authorities in its support. The meaning of the pleader being settled, there remains no difficulty.

We remark, in conclusion, that, to entitle defendant to this defense, it was not necessary to make the tenants parties to the action. She is defending, not seeking affirmative relief. What is said about damages to the crops of those at whose instance and for whom she distrained, is not for recovering the same, but to show there had been an injury, and hence the right to distrain. Not only so, but if she made such claim, it could not affect the right to the possession, nor make the holding wrongful. Whether the fences around the premises were or were not sufficient, is a question not in the case as it comes before us. The action of the court in rejecting the evidence offered by defendant, effectually cut off all further inquiry. As we have seen that in this there was error, the judgment is reversed, and the cause remanded for trial *de novo*.

Reversed.